[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15718
Non-Argument Calendar

_____

D. C. Docket No. 06-00494-CV-4-RH-WCS

MARKEL AMERICAN INSURANCE COMPANY,

Plaintiff-Counter
Defendant-Appellant,

versus

CURTIS JONES, an Individual
and as Parent and Natural Guardian
of Curtis Jones and Shabraeliah Jones,
minors,
ANNIE JONES, an Individual and
as Parent and Natural Guardian of
Curtis Jones and Shabraeliah Jones, minors
MEI HOLDINGS INC.,
A Delaware Corporation,
MARTIN ELECTRONICS INC.,

Defendants-Counter
Claimant-Appellees.

_____

No. 08-10173
Non-Argument Calendar
_____

D. C. Docket No. 06-00494-CV-4-RH-WCS

MARKEL AMERICAN INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellant,

versus

CURTIS JONES, an Individual
and as Parent and Natural Guardian
of Curtis Jones and Shabraeliah Jones,
minors,
ANNIE JONES, an Individual and
as Parent and Natural Guardian of
Curtis Jones and Shabraeliah Jones, minors,
MEI HOLDINGS INC.,
A Delaware Corporation,
MARTIN ELECTRONICS INC.,

Defendants-Counter-
Claimants-Appellees,

DAVID COLE, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

**(June 18, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Markel American Insurance Company ("Markel") appeals the district court's grant of summary judgment in favor of Martin Electronics, Inc., MEI Holdings Inc. ("MEI"), Curtis Jones, and Annie Jones. Markel argues that the district court erred by refusing to enforce an exclusion in its commercial umbrella liability insurance policy providing excess coverage to MEI. Markel says that it has no duty to indemnify MEI for amounts paid to settle lawsuits arising from injuries to MEI's employees in the workplace because the policy unambiguously excludes coverage for MEI employees who were injured by other employees during the course of their employment. Alternatively, Markel says that a material issue of fact exists, requiring the case to go to trial.

We agree with the district court that the exclusion is ambiguous because it is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage. *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29,

34 (Fla. 2000). As a result of the ambiguity, the exclusion must be interpreted "liberally in favor of the insured and strictly against the drafter who prepared the policy." *Id*. As the district court held, the most logical reading of the exclusion requires "a direct or immediate injury" by a fellow employee, which does not fit the factual circumstances of this case. Accordingly, we affirm the district court's Order Granting Summary Judgment On Liability, dated September 6, 2007.

**AFFIRMED.**